**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RONDALE LA'SHAWN MASON, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-01147-XR |
| | § | |
| AMAZON.COM, INC., | § | |
| *Defendant* | § | |

## <u>ORDER ON MOTION TO DISMISS</u>

On this date, the Court considered Defendant's Motion to Dismiss (ECF No. 7), Plaintiff's response (ECF No. 17), and Defendant's reply (ECF No. 16). After careful consideration, the motion (ECF No. 7) is **GRANTED**.

## BACKGROUND

Plaintiff, proceeding *pro se*, alleges that Defendant breached his employment contract. ECF No. 4 at 8–10. He states that he began his employment with Defendant in 2019 as a warehouse employee. ECF No. 4 at 4; ECF No. 4-1 at 2. In April 2024, he claims that he requested a workplace accommodation from Defendant for a vision impairment—specifically, that Defendant transfer him to a day shift so that he need not drive home in the dark. ECF No. 4-1 at 2. He claims that Defendant granted this accommodation in May 2024. *Id.* But he states that, in moving him to a day shift, Defendant also changed his role at the warehouse. *Id.*

When training began for the new role, Plaintiff alleges that he disclosed his impairment and a manager immediately removed him from the training. The manager allegedly stated that Plaintiff's poor vision prohibited him from operating certain equipment and thus disqualified him from the new role. *Id.* He claims that Defendant then placed him on unpaid leave until he produced a doctor's note verifying his impairment. *Id.* Plaintiff objected but complied. *Id.* at 3. At some

1

point, he obtained a doctor's note and Defendant reassigned him to a role that accommodated his disabilities. *Id.*

Plaintiff filed this action in September 2025 alleging three counts of breach of contract. ECF No. 4 at 8–10. Defendant now moves to dismiss.

**LEGAL STANDARD**

**I. Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to

the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

## II.    *Pro Se* Construction

The Court notes that Plaintiff is proceeding *pro se* in this case. When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* plaintiff to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a party's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Likewise, while courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with [federal procedural rules]." *U.S. Bank Nat'l Ass'n v. Johnson*, No. 1:15-CV-788-RP, 2017 WL 598499, at \*2 (W.D. Tex. Feb. 14, 2017) (quoting *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995)).

**DISCUSSION**

Plaintiff asserts three claims of breach of contract:

(1) "Defendant's conduct, including forcing Plaintiff onto leave without pay in violation of the recently granted Blind/Low Vision accommodation, constitute[d] a breach of the employment contract," ECF No. 4 at 8;

(2) "Defendant['s] fail[ure] to maintain accommodations and comply with internal policies governing disabled employees" constituted breach of a contract based on "internal policies," *id.* at 4; and

(3) "Defendant's . . . failure to maintain accommodations for Plaintiff's . . . disability constitutes a breach of the [Americans with Disabilities Act ("ADA")] obligations incorporated into the employment contract," *id.*

Defendant now moves to dismiss on two grounds: (1) these "contract-based claims are [ADA] claims that were not administratively exhausted and must be dismissed" and (2) Plaintiff failed to state a breach-of-contract claim.[1]

## I. The ADA Does Not Preempt Plaintiff's Contractual Claims as Pled

Defendant argues first that Plaintiff has recast an ADA claim as a breach-of-contract claim to avoid the ADA's exhaustion requirement. Defendant is correct that "an employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir.

---

[1] ECF No. 7 at 3–14. Plaintiff moved to strike this motion under Rule 12(f) because it allegedly "contradict[s] the Complaint [and] assert[s] facts not contained anywhere in the pleadings." ECF Nos. 11 & 12. The Court denied Plaintiff's motions because Rule 12 permits the Court to strike pleadings and a motion is not a pleading. *See* Text Order Dated December 19, 2025. Instead, the Court considers Plaintiff's argument now.

To the extent that the motion to dismiss "contradict[s] the Complaint [and] assert[s] facts not contained anywhere in the pleadings," the Court does not consider Defendant's factual assertions. Instead, the Court restricts its review to the materials authorized by Rule 12. *See generally Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (discussing the materials that a court may consider when reviewing a Rule 12(b)(6) motion).

4

1996). But "Plaintiff is generally considered the master of his complaint." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Here, he pled a breach-of-contract claim, not an ADA violation. The ADA does not clearly preempt state-law contractual claims. *See* 42 U.S.C.S. § 12201 ("Nothing in this Act shall be construed to invalidate or limit the remedies . . . of any . . . law of any State . . . that provides greater or equal protection for the rights of individuals with disabilities than are afforded by this Act."); *cf. City of L.A. v. AECOM Servs.*, 854 F.3d 1149, 1155 (9th Cir. 2017) (holding that in the context of ADA Title II, "the ADA expressly disavows preemptive federal occupation of the disability-rights field"). So Plaintiff's contractual claims are not necessarily ADA claims that "must be dismissed." ECF No. 7 at 4.

## II. Plaintiff Failed to State a Breach-of-Contract Claim

Defendant alternatively argues that Plaintiff failed to plead facts to establish his breach-of-contract claims. "The elements of a breach of contract claim in Texas are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Owens v. Specialized Loan Servicing, LLC*, 694 F. App'x 950, 953 (5th Cir. 2017).

Plaintiff states three grounds for breach of contract. First, he argues that Defendant breached his employment contract by forcing him "onto leave without pay in violation of the recently granted Blind/Low Vision accommodation." ECF No. 4 at 8. But Plaintiff neglects to state facts regarding his employment contract. He does not attach it to the Complaint or quote its provisions. Nor does he explain how it created Defendant's purported duty to refrain from suspending him. Granted, the Complaint alleges that Plaintiff worked for Defendant starting in 2019, raising a reasonable inference that some form of an oral or written employment contract exists. But then again, it may just raise an inference that an at-will employment relationship exists.

Without specific factual allegations regarding the contract's content, Plaintiff fails to adequately plead that Defendant violated it.

Second, Plaintiff argues that Defendant's "fail[ure] to maintain accommodations and comply with internal policies governing disabled employees" constituted breach of a contract based on "internal policies." He is correct that internal policies may form a contract in certain circumstances. *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir. 1991). But they "do not create contracts when the parties have not expressly agreed that the procedures contained in these materials are binding." *Id.* Here, Plaintiff claims that Defendant's "Owner's Manual and Guide to Employment" created contractual obligations. ECF No. 4 at 9; ECF No. 4-1 at 44–47. But that manual expressly states that it "is not intended as a contract."[2] In Texas, "an employee handbook that contains such a disclaimer of contractual intent is not a contract." *McAllen Hosps., L.P. v. Lopez*, 576 S.W.3d 389, 396 (Tex. 2019). Plaintiff thus fails to state a breach-of-contract claim based on Defendant's internal policies.

Third, Plaintiff alleges that "Defendant's . . . failure to maintain accommodations for Plaintiff's . . . disability constitutes a breach of the [ADA] obligations incorporated into the employment contract." ECF No. 4 at 4. But as stated, Plaintiff makes no factual allegations regarding his employment contract. He accordingly fails to allege how it "incorporated" the obligations of the ADA. He therefore fails to state a breach-of-contract claim on this third ground.

---

[2] ECF No. 7-1 at 2. Plaintiff omitted this portion of the manual from his Complaint. Defendant included it in its motion. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins*, 224 F.3d at 498–99 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). But "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* Here, Plaintiff bases his claim on this manual and attaches portions of it. The Court may review the excerpt that Defendant provides when considering whether Plaintiff states a claim.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff has leave to file a First Amended Complaint no later than **April 27, 2026**, if he can, in good faith, allege facts sufficient to establish Defendant's liability.

Plaintiff's Motion for Summary Judgment (ECF No. 10) is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to mail a copy of this Order to Rondale La'Shawn Mason at 900 North Main Avenue, San Antonio, Texas 78212.

It is so **ORDERED**.

**SIGNED** this April 10, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

7